74 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. MORGAN, Defendant-Appellant.
 No. 94-6258.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1996.
 
 Before: KRUPANSKY, BATCHELDER, MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Morgan, a Reclamation Inspector Principal with the Kentucky Department of Surface Mines Reclamation and Enforcement, pled guilty to one count of violating the Hobbs Act, 18 U.S.C. Sec. 1951, by accepting a bribe from a mine owner. At sentencing, the district court applied United States Sentencing Guidelines ("U.S.S.G.") Sec. 2B3.2, which applies if the offense involved a threat of physical injury or property damage, instead of U.S.S.G. Sec. 2C1.1(b)(2)(B), which applies to extortion under color of official right. The defendant appealed, arguing that the district court erred in applying U.S.S.G. Sec. 2B3.2.
 
 
 2
 On August 4, 1993, James Morgan met with Jerry Howard, Vice President of Kentucky May Coal Company, to discuss a problem at May Coal's job site. Morgan stated to Howard that May Coal's refuse area was out of compliance with state regulations, and that he would have to shut down operations of May Coal. Howard then asked Morgan what could be done to avoid a shutdown. Morgan replied that if he "went out on a limb for" Howard, then he would have to be "taken care of." Essentially, Morgan advised Howard that he could be put on the payroll as a consultant: if he saw a potential violation at a job site that could cause a shutdown, he would call and advise Howard so it could be corrected. Morgan advised he would need to be paid $500 every two weeks. Howard informed the police of Morgan's conduct, and agreed to cooperate with them in their investigation of Morgan. Under secret police observation, Morgan met with Howard and accepted the bribe money. After being arrested and indicted, Morgan entered a plea agreement.
 
 
 3
 The original Presentence Report filed in the case applied U.S.S.G. Sec. 2C1.1, entitled Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right. This section imposes an offense level of 10 but authorizes a cross-reference to U.S.S.G. Sec. 2B3.2, "Extortion by Force or Threat of Injury or Serious Damage" which mandates an offense level of 18, in certain circumstances. A cross reference is appropriate if
 
 
 4
 there was any threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property, or any comparably serious threat, such as to drive an enterprise out of business.
 
 
 5
 U.S.S.G. Sec. 2B3.2, Application Note 2.
 
 
 6
 The trial judge at sentencing concluded that section 2B3.2 applied because "Mr. Morgan had the authority to shut down this mine for ... being off permit." Therefore, the district court concluded, "his threat to Mr. Howard for Kentucky May was ... a threat to injure him and his business and essentially shut him down...." The district court concluded that U.S.S.G. Sec. 2B3.2 embraced such a threat. Having reviewed the record and received the benefit of oral argument, the panel concludes that the defendant failed to contemporaneously object to the district court's sentencing decision and that the district court's decision was not plain error.
 
 
 7
 Accordingly, the sentence below is AFFIRMED.